## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DARRICK HUNDT, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,** | ) ) ) ) | **JURY DEMANDED** |
| **Plaintiff,** | ) ) | **Case No.** |
| **v.** | ) ) | FILED: DECEMBER 18, 2008 |
| **DIRECTSAT USA, LLC, a/k/a UNITEK USA,** | ) ) ) | 08CV7238<br>JUDGE GOTTSCHALL |
| **Defendant.** | ) | MAGISTRATE JUDGE ASHMAN<br>CH |

## COMPLAINT

NOW COMES the Plaintiff, DARRICK HUNDT, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by his attorneys JAC A. COTIGUALA and BRIAN D. MASSATT of JAC A. COTIGUALA & ASSOCIATES, and RYAN F. STEPHAN and JAMES B. ZOURAS of STEPHAN ZOURAS, LLP, and complains against Defendant as follows:

### Preliminary Statement

1.      The Plaintiff brings this action to recover wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), for failure to be paid any premium for all hours worked beyond 40 in a week performed by himself and all other Plaintiffs similarly situated, known and unknown.

2.      Plaintiff files his individual claims under Count II, seeking compensatory damages for the non-payment of wages under the Illinois Minimum Wage Act, 820 ILCS

1

105/1, *et seq*. ("IMWA"), pre-judgment interest pursuant to 815 ILCS 205/2 and attorneys' fees and costs pursuant to the IMWA as a supplemental state claim under Illinois state law.

## Jurisdiction

3.      Jurisdiction over Plaintiff's claims are conferred on this Court pursuant to 29 U.S.C. §216; 28 U.S.C. §1331 and 28 U.S.C. §1367.

## Parties

4.      Plaintiff is a resident of Minooka, Illinois.

5.      Defendant, DirectSat USA, LLC, a/k/a Unitek USA ("DirectSat"), is a LLC with places of business in Cook County, Illinois and elsewhere in the country.

6.      Plaintiff and other known and unknown plaintiffs who are or were employed by Defendant as "Warehouse Managers" were treated as exempt from overtime pay.

## Factual Allegations

7.      Plaintiff began working for the Defendant in December of 2006.

8.      Defendant did not pay Plaintiff any additional compensation for all hours worked in excess of 40 in a week.

9.       Defendant treated Plaintiff and other warehouse managers as exempt from overtime pay even though at some or all times relevant hereto the duties test for an overtime exemption was not met.

## Count I - FLSA

Plaintiff on behalf of himself and all other Plaintiffs similarly situated, known and

unknown, complains against Defendant as follows:

10.     Paragraphs 1 through 9 are repeated and realleged as though pleaded in full in this Count I.

11.     Defendant, DirectSat is engaged in the business of satellite installation in the State of Illinois and elsewhere in the United States.

12.     At all times hereinafter mentioned, Defendant DirectSat has been and is an "enterprise" and "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Act.  29 U.S.C. §203 (r) and (s).

13.     At all times relevant hereto, Defendant DirectSat, employed Plaintiff and all others similarly situated as "Warehouse Managers".

14.     Defendant is an "employer" as that term is defined by Section 3(d) of the Act.  29 U.S.C. §203(d).

15.     Plaintiff and all other similarly situated persons worked for Defendant and were paid on a salary basis and classified as exempt from overtime pay at all times relevant hereto.

16.     Plaintiff was hired by Defendant in Cook County, Illinois.

17.     At all relevant times, Plaintiff and all other similarly situated persons were "employees" of Defendant as defined by Section 3(e) of the Act.  29 U.S.C. §203(e).

18.     At all relevant times, Plaintiff has been an individual engaged in commerce or engaged in the production of goods for commerce as defined by 29 C.F.R. §779.100, *et seq.*

19.     Plaintiff and all others similarly situated were not paid any additional

compensation for hours worked in excess of 40 in a week because Defendant treated them as exempt despite the fact that they did not satisfy the duties test to be exempt from overtime.

20.     Plaintiff and all others similarly situated have been deprived of overtime pay due them for work. Darrick Hundt's opt-in form is attached as Exhibit A.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant, DirectSat USA, LLC, a/k/a Unitek USA, and further:

A.    Order Defendant to file with this Court and furnish to counsel a list of the names and last known home address of all people who could opt in to a FLSA collective action;

B.    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to the people on the foregoing list, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C.    Declare and find that Defendant willfully violated the overtime provisions of the FLSA;

D.    Order Defendant to pay the full amount of wages due each Plaintiff for work in excess of 40 hours in a week, at one and one-half their regular rate of pay, and an amount equal to the unpaid wages for liquidated damages and pre-judgment interest on the unpaid wages;

E.    Reasonable attorneys' fees and costs incurred in the prosecution of this case; and,

F.    All other relief that this Court deems necessary and just.

## Count II – Illinois Minimum Wage Act

21.     Plaintiff realleges and restates paragraphs 1-9 and 16 as if fully set forth herein.

22.     Plaintiff seeks to recover from Defendant wages for unpaid hours he

4

worked, statutory damages of 2% per month on the unpaid wages, attorneys' fees and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law. 820 ILCS 105/12.

23.     This Court has jurisdiction over this state law claim under principles of supplemental jurisdiction.  This cause of action arises from a common nucleus of operative facts with Count I and is supplemental thereto within the meaning of 28 U.S.C. §1367.

24.     At all relevant times, Plaintiff has been and is a resident of Minooka, Illinois.

25.     At all times hereinafter mentioned, Defendant DirectSat USA, LLC, a/k/a Unitek USA has been and is an "employer" as defined by Section 3(c) of the Illinois Act. 820 ILCS 105/3 (c).  As such, DirectSat USA, LLC, a/k/a Unitek USA is subject to the provisions of 820 ILCS §105/4 requiring minimum wage for all hours worked.

26.     At all times hereinafter mentioned, Plaintiff has been an "employee" of Defendant as defined by Section 3(d) of the Illinois Act.  820 ILCS 105/3(d).

27.     At all relevant times, Defendant has failed to compensate Plaintiff for all hours worked.

28.     Defendant's failure to compensate Plaintiff for overtime hours worked violates the Illinois Act.  820 ILCS 105/4a.

29.     Plaintiff has been damaged by not being paid wages due him for work performed.

WHEREFORE, Plaintiff prays that this Court enter judgment herein in favor of Plaintiff and against Defendant DirectSat USA, LLC, a/k/a Unitek USA and order that

Defendant pay to Plaintiff:

  A.  The full amount of wages due Plaintiff Hundt for all unpaid overtime hours, damages of 2% per month on the unpaid wages as allowed by Section 12(a) of the Illinois Act, 820 ILCS 105/12, and prejudgment interest, 815 ILCS 205/4;

  B.  Reasonable attorneys' fees and costs incurred in the prosecution of this case; and,

  C.  All other relief that this Court deems necessary and just.

            Respectfully submitted,

            DARRICK HUNDT, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,

Dated: December 18, 2008      By: /s/ Jac A. Cotiguala
            One of Plaintiff's Attorneys

Jac A. Cotiguala
Brian D. Massatt
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939 – 2100

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: 312-233-1550