IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DARRICK HUNDT, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | ) ) ) | JURY DEMANDED |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 7238 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| DIRECTSAT USA, LLC, a/k/a UNITEK USA, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**PLAINTIFF'S REPLY FOR MOTION TO AMEND COMPLAINT**

PLAINTIFF, by and through his attorneys, respectfully submits this reply to its Motion to Amend the Complaint. DirectSat's opposition to amending the complaint fails to state sufficient grounds to justify the Federal Rules' guidance that leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). DirectSat fails to provide sufficient evidence that amendment would be futile.

**I.  DirectSat Lacks Standing To Oppose Amendment To Add Other Defendants**

An employer defendant lacks standing to object to amendment of a complaint to include employees in their individual capacity as defendants. *See Ashcroft v. Dep't of Corrections*, 2007 U.S. Dist. LEXIS 49079, at **24-26 (W.D.N.Y. July 6, 2007)(citing cases). The *Ashcroft* court denied an employer's motion to dismiss the claims against non-appearing employees, named in their individual capacities, for lack of standing. Similarly, DirectSat lacks standing to object to Plaintiff amending his complaint to add additional defendants whether in their corporate or individual capacity.

1

## II. Any Delay In Discovering Other Similarly Situated Warehouse Employees Was Caused By Defendant.

Plaintiff alleges that the duties and payroll policies regarding Warehouse Managers and Warehouse Supervisors are similar based upon the deposition testimony of the Unitek officer partially responsible for Defendant's overtime policies. (D.E. 60, ¶¶5, 8.) Defendant opposes the addition of Warehouse Supervisors as putative collective class plaintiffs arguing that this Court limited the collective class to only those employees DirectSat titled Warehouse Managers. (D.E. 64, at 13-14.) As this Court may remember, the parties disputed whether Warehouse Supervisors were similarly situated to Warehouse Managers at the time Notice was approved. DirectSat argued that the inclusion of Warehouse Supervisors was improper because Plaintiff failed to produce evidence that they were similarly situated and this Court denied Plaintiff's oral motion to compel such discovery as not yet ripe. (D.E. 24.) DirectSat continued to refuse to disclose the nature of the employment of Warehouse Supervisors (D.E. 42, at 4), and after one learned of this lawsuit from a friend, DirectSat moved to strike his notice of consent to join this lawsuit. (D.E. 35, denied D.E. 54.) The Court specifically stated that its "order requiring Defendant to produce a list of Warehouse Managers for notice purposes did not state or imply that the final plaintiff class would be limited based upon Defendant's characterization of its employee's positions." (D.E. 54.)

Any delay in the identification of similarly situated employees resulted from DirectSat's limited candor. Because of DirectSat's resistance to Plaintiff's inquiries, Plaintiff eventually deposed the Chief Administrative Officer of Unitek for answers. That deposition, attached to Pl.'s Mot. as Ex. B, not only exposed that DirectSat's Warehouse Supervisors were similarly situated but that Unitek and some of its officers

2

were employers under the FLSA and they employed similarly situated Warehouse Managers and Supervisors under their subsidiary, FTS.[1] DirectSat's basis for opposing the addition of Warehouse Supervisors as well as any other warehouse employees, paid on a salary basis but not supervising two or more employees at all times (like its accusations that Plaintiff is acting in bad faith, sandbagging, or dilatory) is baseless.

Sending notice to the similarly situated warehouse employees that have not been previously identified by DirectSat, does not prejudice Defendant because the Court warned Defendant that such a result may occur (*see* D.E. 54), and any delay was caused by DirectSat's reliance on its own job titles to obscure the similarly situated employees from Plaintiff in disregard of this Courts previous finding. (*See* D.E. 54.)

### III. This Court May Exert Jurisdiction Over All Defendants

Plaintiff has sufficiently alleged in the amended complaint that DirectSat, Unitek, Yannantuono, Lawley and Downey have affirmatively established minimum contacts with Illinois relating to salaried warehouse personnel. Although defendant indicates jurisdiction over FTS and Perkins is unlikely (D.E. 64), its claim is premature as Plaintiff can establish general jurisdiction through either consent or proper service in Illinois during a time frame given by this court.

Although a complaint may sufficiently allege a violation of the law, it must also sufficiently allege that the Court has personal jurisdiction over the defendants. *See Abarca v. Manhiem Services, Inc.*, 2007 U.S. Dist. LEXIS 13777, at *10-11 (N.D. Ill. March 24, 2006). The FLSA is silent regarding personal jurisdiction therefore personal

---

[1] DirectSat's repeated footnoting advising this Court that Unitek was wrongly named in the caption without ever explaining the nature of its control over the overtime policies of its subsidiaries is yet another example of DirectSat's selective candor.

3

jurisdiction must meet the requirements of Federal Rule of Civil Procedure 4. *Id.* Federal Courts may exert

> "personal jurisdiction over a defendant: [1] who is subject to jurisdiction of a court of general jurisdiction in the state where the district court is located; [2] who is a party joined under rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; [3] when authorized by federal statute."

Fed. R. Civ. P. 4(k)(1).

Illinois courts have general jurisdiction (jurisdiction for all claims) over persons that consent to jurisdiction, *see* 735 ILCS 5/2-301(a-5). This Court may have personal jurisdiction over any of the named defendants who are natural persons present within the state when served; natural person residing or domiciled in state; corporation organized under Illinois law; or a person or corporation doing business in Illinois. 735 ILCS 5/2-209(b). Illinois courts have specific jurisdiction (jurisdiction over related claims), *inter alia*, over persons transacting any business within state; or commits a tort within state. 735 ILCS 5/2-209(a)(1-2). Illinois courts may exert jurisdiction on any grounds permitted by the Illinois and United States Constitutions. 735 ILCS 5/2-209(c).

Specific jurisdiction arises when the defendant transacts business in Illinois or purposefully directs its injurious activity toward Illinois residents. *Sabados v. Planned Parenthood of Indiana*, 882 N. E. 2d 121, 126; 378 Ill. App. 3d 243, (Ill. App. 1st Dist. 2007). Similarly, specific jurisdiction arises when the defendant purposefully establishes minimum contacts with the forum state so that jurisdiction would not offend traditional notions of fair play and substantial justice. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945); *c.f. Aviles v. Kunklei,* 978 F.2d 201, 203-204 (5th Cir. 1992)(no personal

4

jurisdiction over foreign FLSA defendants that only telephoned and wrote plaintiffs telling them date to arrive in state for work).

### A. Unitek, Downey, Lawley, and Yannantuono Are Subject To The Personal Jurisdiction Of This Court

Plaintiff sufficiently alleges that DirectSat, Unitek, Downey, Lawley, and Yannantuono's individual affirmative acts directly caused damages in Illinois and established minimum contacts in Illinois by setting the pay policies that are the subject of this complaint. (D.E. 60 ¶¶9-11.) Plaintiff also sufficiently alleges that DirectSat, Unitek, Downey, Lawley, and Yannantuono's established the pay policies that affected the similarly situated warehouse DirectSat personnel in other states. (*Id.*) Finally, Plaintiff sufficiently alleges that Unitek, Downey, and Lawley similarly exerted operational control over the overtime policies of similarly situated employees of FTS. (D.E. 60 ¶8.) As such, all are properly before this Court as joint employers under the FLSA. Amendment to add these defendants is proper because Plaintiff supports its allegations with deposition testimony of Downey (*Id.*), and Defendant fails to dispute the control exerted by Unitek, Downey, Lawley, and Yannanuoto over Plaintiff and similarly situated employees or that they alleged that those Defendants affirmatively enacted overtime policies that caused direct damage in Illinois.

### B. Defendant's Objection To Personal Jurisdiction Is Pre-Mature.

Although Plaintiff has sufficiently alleged that Unitek, Yannantuono, Downey, Lawley, Perkins and FTS are liable for FLSA violations over similarly situated Warehouse Managers he has not sufficiently alleged that Perkins or FTS affirmatively established minimum contacts in Illinois for the purposes of this overtime lawsuit. (D.E. ¶¶8-9, 11.) Perkin's Declaration attached to Defendant's Brief (D.E. 60) provides

evidence that Plaintiff has failed to establish the minimum contacts necessary to force FTS and Perkins to appear in an Illinois court. This alone fails to defeat the personal jurisdiction of this Court.

Plaintiff may yet establish personal jurisdiction through either consent, or serving Perkins or FTS while they are physically in Illinois, live in Illinois, or do business in Illinois. Although Perkins and FTS oppose amendment, they do not affirmatively refuse to consent to suit in Illinois. Their controlling parent company, Unitek, may require them to consent to jurisdiction for any number of reasons. Perhaps there are good reasons for FTS to share liability for a judgment. Perhaps there are tax benefits or benefits in the marketplace by sharing liability. Perhaps, Perkins or FTS will file a responsive pleading without challenging jurisdiction. Plaintiff does not know to what extent DirectSat's attorneys speak for Unitek, FTS, or Perkins but DirectSat's challenge to personal jurisdiction over Perkins and FTS lacks standing and is premature.

    **C.    The Common Law Fiduciary Shield Doctrine Defense Is Precluded By Willful Violations OF The FLSA.**

        **1.    Congress Intended To Preclude Corporate Shield Doctrine.**

The FLSA's broad definition of employer indicates Congressional intent to defeat the common law corporate shield doctrine. *See* 29 U.S.C. §203. Some courts have found that the FLSA's broad remedial purpose also precludes the common law fiduciary shield doctrine defense to personal jurisdiction where an individual is not being sued in his corporate capacity. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (5th Cir. 1984); *Scholly v. JMK Plastering, Inc.*, 2008 U.S. Dist. LEXIS 49958, at **6-10 (E.D. Penn. June 25, 2008); *Recinos-Recinos v. Express Forestry, Inc.*, 2005 U.S. Dist. LEXIS 36871,

6

at *11 (E.D. La. October 6, 2005).[2] Defendant's cited cases do not address wage and hour cases.[3] But, the Court need not decide today whether the FLSA precludes the fiduciary shield doctrine because Plaintiff has sufficiently alleged that the individual defendants willfully and directly caused damages in Illinois and it is therefore fair to subject them to the jurisdiction of this Court.

### 2. Fiduciary Shield Defense Not Applicable To Willful Misconduct.

The fiduciary shield doctrine is a common law equitable defense to personal jurisdiction in Illinois. *Consumer Benefit Services, Inc. v. Encore Marketing International, Inc.*, 2002 U.S. Dist. LEXIS 20884, at *7 (N.D. Ill. October 30, 2002)(St. Eve, J.). The defense is discretionary and should only be applied where equity demands. *Id.* Illinois first recognized the fiduciary shield doctrine in *Rollins v. Ellwood*, 141 Ill. 2d 244; 565 N.E.2d 1302, 1314 (Ill. 1990). In *Rollins* the Illinois Supreme Court found that that the state could not affect personal jurisdiction over a police officer who was sent to Illinois to serve an arrest warrant. *Id.* at 1318. The court noted that it would be unfair to subject low-level employees that have no practical choice but to carry out their employer's wishes. *Id.*

The fiduciary shield doctrine does not usually apply to a high-ranking corporate officer who has the ability to decide not to violate the law. When assessing whether the

---

[2] In an unpublished opinion, *Lane v. XYZ Venture Partners, Ltd.*, 2009 U.S. App. LEXIS 6965, at *7 (11th Cir. March 31, 2009), the Eleventh Circuit applied the corporate shield doctrine to defeat personal jurisdiction under Florida law when plaintiff's FLSA and discrimination claims failed to allege defendant was physically present within the state while participating in a tort. The Florida Long-arm statute lacks the Illinois catch-all provision extending personal jurisdiction to the limits of the constitution. Fla. Stat. §48.193; 735 ILCS 5/2-209(c).

[3] *Perry v. Delaney*, 5 F. Supp. 2d 617, 620 (C.D. Ill. 1998) found fiduciary shield doctrine applied in wrongful termination case. Clipp Designs, Inc. v. Tea Bags, Inc., 996 F. Supp. 766, 768 (N.D. Ill. 1998) found fiduciary shield doctrine applied in trade dress infringement claim.

fiduciary shield doctrine applies, courts analyze the representative nature of the act as well as the discretion exercised. *Consumer Benefit Services*, 2002 U.S. Dist. LEXIS 20884, at *7. "Decisions that turn on the representative nature of the defendant's actions emphasize the unfairness of subjecting someone to jurisdiction whose conduct in Illinois was not of his own choosing. Similarly those that turn on the defendant's use of discretion emphasize that it would not be unfair to exercise jurisdiction over someone acting in a representative capacity when he was in a position to decide whether or not to perform acts in Illinois." *C.S.B. Commodities, Inc. v. Urban Trend Ltd.*, 626 F. Supp. 2d 837, 849 (N.D. Ill. 2009)(internal quotation and citation omitted).

Here, Defendant has admitted that Yannantuono, Downey, and Lawley are high-ranking corporate officers of DirectSat and Unitek respectively that Plaintiff alleges willfully caused damages to Illinois plaintiffs. Yannantuono was President and CEO of DirectSat. Def's Br., at Declaration of Yannantuono (October 8, 2009). Yannantuono devised, directed, implemented, and supervised the wage and hour practices relating to plaintiff. Amended Complaint ¶¶18-19. Lawley is the Human Resources Manager for Unitek and in that capacity has traveled to Illinois, in that capacity, five separate times. Def.'s Br. Declaration of Lawley (October 8, 2009). Lawley oversaw HR for Unitek and devised, directed, implemented, and supervised the wage and hour practices relating to plaintiffs in Illinois. Amended Complaint ¶12-13. Similarly, Downey was Chief Administrative Officer for Unitek and devised, directed, implemented, and supervised the wage and hour practices relating to plaintiffs in Illinois. Amended Complaint ¶¶9-10. Furthermore, Lawley and Downey made the ultimate decisions whether to classify DirectSat and FTS employees as exempt. (D.E. 60-3 at 77:23-78:19.)

**Conclusion**

This Court should grant Plaintiff's motion to amend the complaint because DirectSat has failed to show that this Court cannot exert personal jurisdiction over any of the additional named defendants.

Dated: October 15, 2009

Respectfully submitted,

By: ___/s/ *Brian D. Massatt*___
      One of Plaintiff's Attorneys

| | |
|---|---|
| Jac A. Cotiguala | Ryan F. Stephan |
| Brian D. Massatt | James B. Zouras |
| JAC A. COTIGUALA & ASSOCIATES | STEPHAN ZOURAS, LLP |
| 431 South Dearborn Street, Suite 606 | 205 N. Michigan Avenue, Suite 2560 |
| Chicago, Illinois 60605 | Chicago, Illinois 60601 |
| Telephone: (312) 939–2100 | Telephone: (312)-233-1550 |