IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRICK HUNDT, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br> Plaintiffs, <br> v. <br><br> DIRECTSAT USA, LLC, a/k/a UNITEK USA, <br> Defendant. | : : : : : : : : : : : : : | CIVIL ACTION <br><br><br><br> No. 08 C 7238 <br><br> District Judge Joan B. Gottschall <br> Magistrate Judge Martin C. Ashman |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant DirectSat USA, LLC ("DirectSat"), by and through its undersigned counsel, submits this Sur-Reply in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

In Plaintiff's Reply for Motion to Amend Complaint (Doc. 65), Plaintiff merely invokes inapplicable, inaccurate and/or incomplete legal standards to attempt to overcome the futility of his proposed amendment and refute DirectSat's arguments in its Response to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 64). Thus, for the reasons that follow, this Court must deny Plaintiff's baseless and belated Motion for Leave to File an Amended Complaint.

**I.    ARGUMENT**

On September 17, 2009, Plaintiff moved for leave to file an amended complaint (Doc. 61). In his proposed Amended Complaint, Plaintiff is attempting to, *inter alia*, add as defendants FTS USA, LLC ("FTS"), UniTek USA, LLC ("Unitek"), Elizabeth Downey ("Downey"), Cathy Lawley ("Lawley"), Dan Yannantuono ("Yannantuono") and Chris Perkins ("Perkins") (hereinafter,

collectively, "Proposed Defendants"). On October 9, 2009, DirectSat filed its opposition to the proposed addition of the Proposed Defendants. On October 15, 2009, Plaintiff filed his Reply for Motion to Amend Complaint. The arguments contained in Plaintiff's Reply Brief, however, are without legal or factual merit. DirectSat addresses each of these disingenuous arguments *in seriatim*.

### A.  DirectSat Possesses Standing to Contest Amendment on Jurisdictional Grounds.

Plaintiff baselessly argues that DirectSat lacks standing to raise a jurisdictional challenge to Plaintiff's Motion for Leave to File an Amended Complaint. Specifically, Plaintiff contends that DirectSat cannot assert a jurisdictional defense on behalf of its employees.

Plaintiff erroneously relies upon *Ashcroft v. Dept. of Corrections*, 2007 WL 1989265 (W.D.N.Y. July 6, 2007), to support its argument. In *Ashcroft*, the court held that the defendant lacked standing to file a motion to dismiss on behalf of other *named* plaintiffs who had not yet responded to the Complaint. Consequently, the district court's holding applies, if at all, to the ability of a *named* defendant to move to dismiss a complaint on behalf of another *named* defendant who has not taken any action in response to being sued. *Ashcroft* does not address the situation presented in this case, where a *named* Defendant is seeking block the amendment of a Complaint that would, if permitted, add new defendants.

Contrary to Plaintiff's assertion, objections to a plaintiff's attempted amendment that would include additional defendants, which can only be filed by an existing party, are routinely permitted by federal courts. *See, e.g., German Free State of Bavaria v. Toyobo Co.*, No. 06-407, 2007 WL 1701814, *3 (W.D. Mich. June 11, 2007); *Bastien v. U.S. Convergion, Inc.*, No. 03-0111, 2003 WL 23315782, *2 (W.D. Wis. 2003); *Sauer, Inc. v. Kanzaki Koyukoki Mfg. Co.*, 853 F. Supp. 1106, 1110 (S.D. Iowa 1994). Accordingly, DirectSat has standing to assert its

futility challenge to Plaintiff's proposed Amended Complaint, and Plaintiff's initial argument is meritless.

B. **Plaintiff Concedes that this Court Lacks Jurisdiction over FTS and Perkins.**

In his attempt to overcome the uncontroverted fact that FTS and Perkins have no jurisdictionally relevant contacts with this forum, Plaintiff argues, without any legal support, that DirectSat's jurisdictional challenge is premature because FTS and Perkins may consent to jurisdiction at some point in the distant future. Plaintiff's argument runs contrary to the law and the facts of this case.

Significantly, Plaintiff concedes that this Court lacks jurisdiction over FTS and Perkins. (Reply Br. at 5-6.) Plaintiff, however, contends that DirectSat's jurisdictional argument is premature because FTS and Perkins, who *are contesting* jurisdiction and opposing the motion to amend in this matter, may suddenly consent to jurisdiction at some future point in the proceeding. *See*, Declaration of Perkins, ¶ 4, attached to Defendant's Response to Plaintiff's Motion for Leave to Amend at Exhibit "B.". This argument is insincere.

The Court's task is to determine whether it *has jurisdiction* over the Proposed Defendants, not whether it may in the future exercise jurisdiction.[1] Accordingly, because FTS and Perkins admittedly have no contacts at all with this forum, a fact that Plaintiff openly acknowledges, this Court lacks jurisdiction over these Proposed Defendants. Thus, any amendment to include them as defendants is futile.[2]

---

[1] In effect, Plaintiff asks this Court to abandon the fundamental notions of due process that underlie personal jurisdiction jurisprudence.

[2] DirectSat notes that Plaintiff is also mistaken with respect to his burden of establishing jurisdiction over all of the Defendants. Plaintiff seems to think that all he needs to do is plead the existence of jurisdictional contacts. (*See* Pl.'s Reply Br. at 3-4). Under Seventh Circuit precedent, however, a Court will only accept alleged facts concerning jurisdictional contacts as true if the Defendant does not contest a the validity of such allegations. *See Peterson v. Farrakhan*, No. 03-319, 2006 WL 1722362, *4 (N.D. Ind. Jun 22, 2006) (citing *Turnock v. Cope*, 816 F.2d 332, 333

3

C.  **Plaintiff's Reply Brief Fails to Apply the Appropriate Standard under the Fiduciary Shield Doctrine.**

The fiduciary shield doctrine applies to avoid the unfair result of hauling an out-of-state defendant into a forum on the sole basis of jurisdictional contacts made on behalf of the defendant's employer. The doctrine does not apply, however, where a defendant's actions are dictated by personal interest. However, as district courts in this circuit have routinely recognized, to determine whether an individual is acting in their personal interest, as opposed to the interests of the employer, the dispositive inquiry focuses on whether the individual *is a shareholder* of the employer. *See Plastic Film Corp of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001) (citing cases); *Consumer Benefit Servs., Inc. v. Encore Marketing Int'l*, 2002 WL 31427021, *3 (N.D. Ill. Oct. 30, 2002) (holding that fiduciary shield did not apply because, *as shareholders*, individual defendants stood to personally benefit from the company's actions in Illinois).

Plaintiff completely fails to address this dispositive issue. Conversely, DirectSat attached to its Response Brief declarations of the individual Proposed Defendants. Each of these Proposed Defendants declared that they do not own any stock in DirectSat or Unitek. Accordingly, this undisputed evidence confirms that the individual Proposed Defendants are acting in the interest of their employer, not their individual interests. As a result, the fiduciary shield doctrine applies to each of the individual Proposed Defendants, thereby precluding this Court from exercising personal jurisdiction and rendering Plaintiff's attempted amendment futile. *See Plastic Film Corp of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d at 1147.

---

(7th Cir. 1987)).  Here, Defendants have offered Declarations to defeat Plaintiff's allegations.  Plaintiff's allegations, therefore, are not entitled to any presumptive weight.

D.     **Plaintiff's Argument Concerning Congressional Intent is Meritless.**

In a futile attempt to avoid application of the fiduciary shield doctrine, Plaintiff asserts that Congress intended to preempt the fiduciary shield doctrine when it enacted the FLSA. This argument lacks persuasive legal support and runs contrary to Seventh Circuit precedent.

To support its theory, Plaintiff relies upon three cases: (1) *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 973 (5th Cir. 1984); (2) *Scholly v. JMK Plastering*, 2008 WL 2579729 (E.D. Pa. Jun. 25, 2008); and (3) *Recinos-Recinos v. Express Forestry, Inc.*, 2005 WL 3543722 (E.D. La. Oct. 6, 2005). None of these cases provides persuasive support for Plaintiff's theory.

First, Plaintiff's reliance on *Scholly* is wholly misplaced, as the *Scholly* Court did not address the fiduciary shield doctrine. Rather, the *Scholly* Court merely recognized that an individual can, in certain circumstances, be held liable as an "employer" under the FLSA.

Second, the *Donovan* Court did find the fiduciary shield doctrine inapplicable, but it did not base its decision on congressional intent. Rather, the individual in *Donovan owned* and *operated* several hotels in Texas. While the court acknowledged that individuals can be liable under the FLSA, the court's decision as it related to personal jurisdiction was driven by the fact that the individual at issue owned, operated and managed every aspect of the hotel chain. As mentioned above, such control, when combined with a *direct ownership interest*, defeats application of the fiduciary shield doctrine independent of congressional intent. *See Plastic Film Corp of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1146-47 (N.D. Ill. 2001). Accordingly, Plaintiff's reliance on this case for the proposition that Congress intended to preempt the Corporate Shield doctrine in FLSA cases is grossly misplaced.

Finally, although the *Recinos-Recinos* Court did find the corporate shield doctrine inapplicable because the individual at issue could be held personally liable under the FLSA, the

5

court's reasoning, nonetheless, unpersuasive and inconsistent with Seventh Circuit precedent. The application of the corporate shield doctrine relates only to contacts necessary to establish personal jurisdiction, not an individual's potential liability under the FLSA. Stated another way, the corporate shield doctrine concerns *where* an individual can be sued, not *whether* that individual is liable. As the Seventh Circuit has explained, "[t]he fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." *Cent. States, Southeast & Southwest Areas Pension Fund*, 230 F.3d 934, 944 (7th Cir. 2000); s*ee also Lane v. XYZ Venture Partners, LLC*, 322 F. App'x 675 (11th Cir. 2009) (rejecting argument based on Florida law that corporate fiduciary shield does not apply if corporate officer is subject to potential personal liability under the FLSA). Accordingly, Plaintiff's reliance on *Recinos-Recinos* is misplaced.

In this Circuit, application of the fiduciary shield doctrine is tied to whether an individual is a shareholder of a particular company, not whether that individual may be personally liable under the FLSA. Accordingly, Plaintiff's preemption argument fails as a matter of law.

E.   **Plaintiff Provided No Basis for Expanding the Putative Class.**

Plaintiff presumes that because this Court previously found that Plaintiff's attempt to include warehouse supervisors was unripe that, after several months, this Court will find the request ripe and grant his motion to amend the Complaint. Unfortunately for Plaintiff, the passage of time alone does not ripen an otherwise unripe claim. Instead, similar to the first time that Plaintiff attempted to expand the putative class to include warehouse supervisors with the Court-approved class of warehouse managers, which position Plaintiff held and job duties Plaintiff fulfilled while employed by DirectSat, this Court must again deny Plaintiff's request to add warehouse supervisors.

On February 24, 2009, this Court only approved the notice of lawsuit to be sent to warehouse managers. In his Reply Brief, Plaintiff states that the deposition testimony of Unitek's Chief Administrative Officer "exposed that DirectSat's Warehouse Supervisors were similarly situated...." Curiously, Plaintiff failed to provide any specific statements to support his legal conclusion. Moreover, Plaintiff ignores the unequivocal testimony that warehouse managers and warehouse supervisors have different job descriptions and perform different job duties. (*See* Exhibit "B" to Reply Br. at 106, 112). Further, with respect to the attempted inclusion of FTS employees, Plaintiff significantly and cavalierly ignored the testimony of Elizabeth Downey that DirectSat and FTS are different companies that perform different work at different locations throughout the country. (*Id.*) Indeed, after several months of discovery, Plaintiff has neither proffered a single piece of record evidence, nor conjured up a single allegation from which this court could infer, let alone find, that "Warehouse Managers" and "Warehouse Supervisors" are similarly situated or that employees of DirectSat and employees of FTS are related in any way.

In sum, as Defendant pointed out in its Response Brief, Plaintiff's attempt to amend its Complaint is an underhanded effort to "re-do" months of litigation on the heels of a disappointing opt-in period. This tactic is dilatory, causes undue delay and prejudice, is offeredf in bad-faith, and wastes this Court's valuable resources. Therefore, this Court must deny Plaintiff's Motion for Leave to File an Amended Complaint.

## II. CONCLUSION

For all of the foregoing reasons, and those set forth in DirectSat's response to Plaintiff's Motion for Leave to File an Amended Complaint, Defendant DirectSat USA, LLC respectfully

requests that this Court deny Plaintiff's Motion for leave to File an Amended Complaint, and award such further relief in DirectSat's favor that the Court deems appropriate.

Respectfully submitted,

/s/ Colin D. Dougherty

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Counsel for Defendant
DirectSat USA, LLC

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that I caused a true and correct copy of the foregoing Defendant's Sur-Reply to Plaintiff's Motion for Leave to File an Amended Complaint to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document:

>Jac A. Cotiguala, Esquire
>431 South Dearborn Street
>Suite 606
>Chicago, IL 60605
>
>Ryan F. Stephan, Esquire
>Stephan Zouras, LLP
>205 North Michigan Avenue
>Suite 2560
>Chicago, Illinois 60601
>
>Attorneys for Plaintiffs

>/s/ Colin D. Dougherty
>COLIN D. DOUGHERTY